IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAXIMILIANO MENDEZ,

    Plaintiff,                    No. CIV S-04-2447 LKK DAD P

   vs.

DR. CRAPOTTA, et al.

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action. The matter is before the court on defendants' motion to dismiss for failure to exhaust administrative remedies and for failure to state a cause of action. Plaintiff has not filed opposition to the motion but has filed a request for leave to amend and for court intervention.

                              BACKGROUND

        Plaintiff is confined in California Medical Facility ("CMF"). This action concerns plaintiff's medical care and the processing of his medical grievances at CMF. On December 22, 2004, the court determined that plaintiff's complaint appears to state cognizable claims for relief against Dr. Crapotta, an ophthalmologist; Michael Cry, appeals coordinator; Dr. Joseph Bick, chief medical officer; and Dr. Pai, U-Wing clinic doctor. On February 1, 2005, the court issued an order that sets forth certain procedures governing prisoner cases, including the requirements

1

for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b). (Order filed Dec. 22, 2004, at 3-4.)

        Defendants filed their motion to dismiss on July 5, 2005. Plaintiff was granted several extensions of time to file opposition to the motion, with a final extension of fifteen days granted on October 27, 2005. Plaintiff has not filed opposition to the motion.

## PLAINTIFF'S COMPLAINT

        By his complaint dated November 8, 2004, plaintiff alleges as follows: he has been refused medical treatment because he is Hispanic and has HIV-AIDS; he filed an emergency appeal concerning medical care for his left eye, but defendant Cry refused to process the appeal as an emergency and processed it as a regular appeal; while waiting for treatment, plaintiff went blind in his left eye; after an attorney contacted defendant Bick concerning plaintiff's need for medication and treatment, plaintiff was taken to UC-San Francisco Medical Center and received surgery; defendant Crapotta had examined plaintiff, stated there was nothing wrong with plaintiff's eye, and told plaintiff there is no use in medicating or treating him because he has AIDS and will die any way; after plaintiff had surgery at UC-San Francisco Medical Center, CMF medical staff denied plaintiff the medications prescribed by UC-San Francisco doctors; plaintiff's attorney continues to call defendant Bick about plaintiff's medications, and plaintiff continues to file inmate appeals concerning medical care; defendant Pai cancelled pain medications prescribed by UC-San Francisco doctors and gave plaintiff Motrin, to which plaintiff is allergic; plaintiff was not returned to UC-San Francisco for follow up, and a growth formed over the sutures due to lack of follow-up care; defendant Cry and medical personnel have refused to allow plaintiff to exhaust administrative remedies; plaintiff is in administrative segregation for utilizing the inmate grievance process; plaintiff has been placed in fear for his life because he assisted law enforcement agencies prior to incarceration, and prison officials are disseminating that information to inmates; plaintiff cannot work because he is blind in his left eye and uses a cane for ambulation, but he was assigned to a job and disciplined for not working; defendant

1  Bick ordered plaintiff's cane confiscated and told plaintiff he does not need a cane; defendant
2  Bick once smashed plaintiff's hand while stomping on plaintiff's cane as plaintiff bent over to
3  pick it up.
4      Plaintiff brings his claims under the Eighth Amendment, the Due Process Clause,
5  the Armstrong v. Davis remedial plan, the Civil Rights of Institutionalized Persons Act, the
6  Prison Litigation Reform Act, the Americans With Disabilities Act, § 504 of the Rehabilitation
7  Act, Title VI of the Civil Rights Act, and the Equal Protection Clause.  Plaintiff wishes to stop
8  the neglect of Mexican inmates, to stop prison officials from exposing confidential information
9  for the purpose of retaliating against inmates, and to receive proper medical treatment to restore
10 his vision.  Plaintiff wants the defendants to be reprimanded or fired, and he seeks damages.
11     Plaintiff alleges that there is a grievance procedure available at his institution, that
12 he filed a grievance concerning the facts relating to this complaint, and that the grievance
13 procedure was not completed due to reprisals and retaliatory acts.
14                              DEFENDANTS' MOTION TO DISMISS
15 I. The Parties' Arguments and Evidence Regarding Exhaustion
16     Defendants seek dismissal of this action pursuant to the unenumerated portion of
17 Rule 12(b) on the ground that plaintiff failed to exhaust his administrative remedies prior to
18 filing this lawsuit.  Defendants also seek dismissal of the action pursuant to Rule 12(b)(6) on the
19 ground that plaintiff's complaint fails to state a cause of action against them.
20     Defendants offer evidence that plaintiff filed a grievance concerning medical
21 treatment in October 2002, but did not pursue that appeal to the third and final level of review.
22 Defendants' evidence shows that the only grievance plaintiff has pursued to the third level
23 involved issues of custody classification status.  (Defs.' Mot. to Dismiss, Decl. of N. Grannis.)
24 Defendants argue that all of plaintiff's claims should be dismissed with prejudice as a result of
25 the failure to exhaust administrative remedies and procedural default for failing to pursue
26 administrative remedies in a timely manner.

Plaintiff has filed no opposition and has submitted no evidence to support the allegations of his complaint concerning exhaustion of administrative remedies.

II. Analysis

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Courts may read futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of administrative review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement creates a defense that a defendant may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). "In deciding a motion

to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. If the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

    In the present case, the court provided plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b). Defendants have produced evidence that plaintiff submitted a single appeal to the director's level. That appeal was filed after this action was commenced and concerned plaintiff's retention in administrative segregation. Plaintiff also requested a thorough investigation of appeals previously filed against two correctional officers who are not defendants in this action. The appeal does not mention any medical claims or appeals concerning medical care. The record reflects that plaintiff filed a first-level appeal concerning medical treatment in 2002 but did not pursue that appeal to the director's level.

    Plaintiff has not opposed defendants' evidence with evidence of his own. Plaintiff was advised that the court may rely on the defendants' evidence if the plaintiff fails to contradict that evidence with admissible evidence of his own. Plaintiff's complaint contains an admission of non-exhaustion with an allegation that he did not complete the grievance process due to reprisals and retaliatory acts. Despite having had five months to do so, plaintiff has not come forward with any evidence regarding the emergency medical appeal that was rejected as an emergency appeal and processed as a regular appeal. Nor has plaintiff offered any evidence of the reprisals and retaliatory acts that are alleged to have prevented him from pursuing his grievance to the third level. Although plaintiff states in his complaint that his attorney has copies of his appeals, he has not obtained and produced copies of those appeals.

1    Defendants have met their burden of showing that plaintiff failed to exhaust
2 available administrative remedies before he brought this suit. Plaintiff has not demonstrated
3 otherwise. Accordingly, the undersigned will recommend that this action be dismissed without
4 prejudice for failure to exhaust available administrative remedies before bringing this lawsuit.
5 See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (concluding that it
6 would undermine attainment of congressional objectives to permit a prisoner to exhaust
7 administrative remedies while proceeding with a federal suit). In light of this disposition, it is
8 unnecessary to address defendants' motion in the alternative to dismiss the complaint for failure
9 to state a claim upon which relief may be granted.

## PLAINTIFF'S REQUEST TO AMEND COMPLAINT

11    In a one-page filing, plaintiff seeks leave to amend his complaint "due to the on-
12 going malicious and sadistic intent that is threatening [his] life both medically and physically and
13 request[s] also the court to intervene in order to remain free from physical harm that's
14 detrimental to [his] life, health & welfare."[1]

15    Plaintiff's request was not accompanied by a proposed amended complaint. The
16 request for leave to amend is vague and conclusory but appears to concern new violations of
17 plaintiff's rights. In light of defendants' evidence regarding plaintiff's inmate appeals, it does not
18 appear that plaintiff has exhausted available administrative remedies on any new claims.
19 Amending the complaint to allege additional unexhausted claims would be futile. The request to
20 amend should therefore be denied.

21    Plaintiff's request for court intervention is even more vague than his request for
22 leave to amend. To prevail on a request for injunctive relief, the moving party must show a
23 likelihood of success on the merits of his claims and the possibility of irreparable injury if
24 injunctive relief is not granted, or he must demonstrate that serious questions are raised and the

---

[1] Plaintiff inquires whether he may call the court to explain. Plaintiff is informed that he may not.

balance of hardships tips sharply in his favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  These two formulations represent points on a sliding scale, with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  Plaintiff has made no showing of possible irreparable harm at the hands of the defendants in this action.  Plaintiff's request for court intervention should also be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 5, 2005 motion to dismiss be granted;

2. Plaintiff's November 23, 2005 request for leave to amend and for court intervention be denied; and

3. This action be dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mend2447.mtd